**UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

_____

**No. 96-30575**
_____

**VYRON L. BROWN,**

**Plaintiff-Appellant,**

**versus**

**GEORGIA COMMISSIONER OF INSURANCE, ET AL.**

**Defendants,**

**INTEGON INDEMNITY CORPORATION**
**Defendant-Appellee.**

_____

**Appeal from the United States District Court**
**for the Western District of Louisiana**
**( 95-CV-267 )**
_____

December 26, 1996

Before SMITH, DUHÉ, and BARKSDALE, Circuit Judges.

PER CURIAM*:

Vyron Brown brought this action for damages under a bid bond which Integon had issued to Brown so that Brown could bid on a government contract. Because Brown owed Integon approximately $3500.00, guaranteed by a promissory note, Integon refused to issue further bonds necessary for Brown to begin work. Integon

---

* Pursuant to Local Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in Local Rule 47.5.4.

counterclaimed on the promissory note and moved for summary judgment on Brown's contract claim. The district court granted summary judgment dismissing Brown's contract claim. But, neither the Order Granting Summary Judgment nor the ensuing Judgment disposed of Integon's counterclaim. The district court made no FED. R. CIV. P. 54(b) "express determination that there is no just reason for delay", allowing appeal of the contract claim before the counterclaim was addressed.

In the absence of an express determination that there is no just reason for delay, the dismissal of complaint by summary judgment, which does not dispose of a counterclaim, does not constitute an appealable final order. *Belmont Place Associates v. Blyth, Eastman, Dillon and Co., Inc*, 565 F.2d 1322, 1322-23 (5th Cir. 1978); *see also* *Johnson v. McDole*, 526 F.2d 710 (5th Cir. 1976). The summary judgment order acknowledges Integon's counterclaim, but does not dispose of it. We therefore have no jurisdiction over this appeal.

*DISMISSED*